Priority ✓
Send
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PRIORITY SEND

## CIVIL MINUTES -- GENERAL

Case No.  **CV 02-965-JFW (CTx)**                                    Date: December 16, 2003

Title:  VICTORIA COYNE -v- RELIANCE STANDARD LIFE INSURANCE COMPANY

---

## DOCKET ENTRY

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

K. Leigh Ray                                                    None Present
Courtroom Deputy                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
None                                                            None

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION FOR
                              ATTORNEY'S FEES [filed September 24, 2003]

On September 24, 2003, Plaintiff Victoria Coyne ("Plaintiff") filed a Motion for Attorney's Fees ("Motion"). On October 20, 2003, Defendant Reliance Standard Life Insurance Company ("Defendant") filed its Opposition. On October 27, 2003, Plaintiff filed her Reply. The Court found the matter appropriate for submission on the papers without oral argument. See Local Rule 7-15 (the Court may dispense with oral argument on any matter unless otherwise required); Fed. R. Civ. P. 78. The matter was, therefore, removed from the Court's November 3, 2003 hearing calendar and the parties were given advance telephonic notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.    **Facts and Procedural Background**

Plaintiff filed her Complaint on January 31, 2002, pursuant to 29 U.S.C. § 1132(a)(B)(3), to recover ERISA benefits from Defendant that Plaintiff claimed were wrongfully terminated. Defendant was the claim administrator under the long term disability plan established by Plaintiff's former employer, Air Touch. In December 2002, after the parties met and conferred, Defendant refused to stipulate to Plaintiff amending her Complaint to include a claim for underpayment of benefits by Defendant. Plaintiff's First Amended Complaint, which included her second claim for relief for underpayment of benefits, was filed on January 28, 2003, after Plaintiff prevailed on her Motion for Leave to File a First Amended Complaint. Trial in this matter took place August 7, 2003. On August 26, 2003, the Court issued its decision, finding for Defendant on Plaintiff's first claim for relief for continued long term disability benefits and for Plaintiff on her second claim for relief for underpayment of benefits. Plaintiff was awarded $31,778.19 in back benefits, plus pre-judgment interest on her second claim for relief for underpayment of benefits.

Page 1 of 7                                                    Initials of Deputy Clerk  klr

## II. Legal Standard

### A. Standard For Awarding Attorney's Fees Under ERISA.

The Court is authorized, in its discretion, to award attorney's fees to either party under 29 U.S.C. § 1132(g)(1). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in brining suit." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 590 (9th Cir. 1983) (internal citation omitted). The Ninth Circuit uses the five-factor test in Hummell v. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980), to determine whether an ERISA fee award is appropriate. The Hummell factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all plan participants or resolve a significant legal question; and (5) the relative merits of the parties' positions. No one factor is decisive; some may be irrelevant. Smith, 746 F.2d at 590. Ability to pay award is always relevant. Id.

When applying the Hummell factors, the Court must "keep at the forefront ERISA's remedial purposes that 'should be liberally construed in favor of protecting participants in employee benefit plans.'" S.A. McElwaine v. US West, Inc., 176 F.3d 1167 (9th Cir. 1999) (quoting Smith, 746 F.2d at 589). The Ninth Circuit also applies the "special circumstances" rule in which a successful ERISA participant "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. (quoting Smith, 746 F.2d at 589). "Recovery of attorney's fees does not necessarily depend upon the outcome." Id. (quoting Saltarelli v. Bob Baker Group Medical Trust, 35 F.3d 382, 387 (9th Cir. 1994).

### B. Standard For Calculating Attorney's Fees Under ERISA.

Attorney's fees under ERISA are calculated using a hybrid lodestar/multiplier approach. 29 U.S.C. § 29 U.S.C. § 1132(g)(1); McElwaine, 176 F.3d at 1173. "To calculate the 'lodestar' amount, we multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by this circuit." Id. The Ninth Circuit does not include enhancement multipliers for contingency fee arrangements in ERISA cases. Id. To determine the reasonableness of an attorney's rate, a Court looks to the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 889, 895 n. 11 (1984). "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff has the burden of proving the reasonableness of fees. Id. Once evidence is proffered, the opposing party has the burden of submitting evidence to rebut the claim that such rates are reasonable. Id.

## III. Discussion

### A. Plaintiff Is Entitled To An Award Of Attorney's Fees Under The Hummell Factors.

By prevailing on her second claim for relief for underpayment of benefits, Plaintiff has succeeded on a significant issue in this case and succeeded in obtaining some of the benefits she

sought in her lawsuit. *Smith*, 746 F.2d at 590. As discussed below, the Court concludes that while Defendant did not act in bad faith, the majority of other *Hummell* factors weigh in favor of awarding attorney's fees. Under the circumstances of this case, the Court sees no reason to depart from the general presumption of the Ninth Circuit that "ERISA employee plaintiffs should be entitled to a reasonable attorneys' fee if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Smith*, 746 F.2d at 590 (internal citations omitted). Accordingly, the Court holds that Plaintiff is entitled to attorneys' fees.

### 1. The Degree Of Defendant's Culpability Or Bad Faith.

Plaintiff argues that Defendant acted in bad faith by refusing to stipulate to Plaintiff amending her Complaint to add her second claim for relief for underpayment of benefits and Defendant did not have a defense to the second claim for relief. Defendant contends that it had good reasons to dispute Plaintiff's second claim for relief because Plaintiff had not exhausted her administrative remedies. The Court does not find that Defendant acted in bad faith in defending Plaintiff's second claim for relief. Although a finding of bad faith would always justify an award of attorney's fees, it is not required. *McElwaine*, 176 F.3d at 1173; *Smith*, 746 F.2d at 590.

### 2. Defendant's Ability To Satisfy An Award Of Fees.

"The relative ability of the parties to satisfy an award of fees is . . . relevant. Generally, when an employee participant brings suit under ERISA, whether it is against the trustees or the employer, the resources available to the pensioner are limited . . . Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorneys' fees from the defendant." *Smith*, 746 F.2d at 590.

Plaintiff contends that Defendant has the ability to satisfy an award of fees. Defendant does not dispute this contention. Therefore, the Court finds this factor weighs in favor of awarding attorney's fees to Plaintiff.

### 3. Whether An Award Of Fees Would Deter Others From Acting In Similar Circumstances.

Plaintiff claims that the statutory scheme does not provide extra-contractual or punitive damages, and that awarding attorney's fees is the only incentive for plan administrators to fulfill their fiduciary obligations to plan claimants. Defendant does not dispute this contention. The Court finds that Plaintiff's pursuit of her claim, coupled with an award of attorney's fees, will provide an incentive for Defendant and other claim administrators to fulfill their fiduciary obligations in the future. Therefore, the Court finds this factor weighs in favor of awarding attorney's fees to Plaintiff.

### 4. Whether Plaintiff Sought To Benefit All Participants And Beneficiaries Of An ERISA Plan Or To Resolve A Significant Legal Question Regarding ERISA.

Plaintiff claims that she benefitted all participants because by prevailing on her underpayment claim, coupled with an award of attorney's fees, Defendant now will consider more carefully underpayment claims of other plan participants. Defendant does not dispute this contention. Although Plaintiff did not seek damages or other relief on behalf of others, Plaintiff's contention that her lawsuit could benefit other participants and beneficiaries by compelling Defendant to more carefully consider underpayment claims is not without merit. Because Plaintiff did not seek damages or other relief on behalf of others, the Court finds that this factor weighs

slightly in favor of awarding attorney's fees to Plaintiff.

### 5. The Relative Merits Of The Parties' Positions.

"[T]he relative merits of the parties' positions, is, in the final analysis, the result obtained by the plaintiff." *Smith*, 746 F.2d at 590. While Defendant argues that Plaintiff should not be awarded attorney's fees because she did not prevail on all her claims for relief, that is not the standard for awarding attorney's fees under ERISA. *See, e.g., Elliot v. Fortis Benefits Insurance Company*, 337 F.3d 1138 (9th Cir. 2003) (award of attorney's fees for plaintiff where plaintiff prevailed on ERISA, but not state law, claims); *S.A. McElwaine*, 176 F.3d 1167 (award of attorney's fees for plaintiff where case settled prior to judicial determination of merits). In this case, because Plaintiff prevailed on her second claim for relief and achieved some of the benefits she sought in pursuing this litigation, the Court finds this factor favors awarding attorney's fees to Plaintiff. *Smith*, 746 F.2d at 591 (receiving portion of what plaintiff brought suit for in settlement enough to take plaintiff over "statutory threshold" entitling him to attorney's fees).

## B. Calculation Of The Attorney's Fees Award.

Plaintiff is seeking attorney's fees of $84,937.50, based upon 226.5 hours of attorney time, billed at $375 per hour. The burden of showing that the hours and fees are reasonable is placed upon the Plaintiff. *United Steelworkers*, 896 F.2d at 407. The party requesting attorney's fees must produce billing records that are detailed enough to withstand scrutiny. *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995).

### 1. The Rate Requested By Plaintiff For Glenn Kantor And Corinne Chandler Is Reasonable.

Plaintiff seeks attorney's fees at a rate of $375 per hour for the services provided by Glenn Kantor, Corinne Chandler, and Lisa Kantor. In support of the hourly rate requested, Plaintiff submitted a declaration by Glenn Kantor detailing his work experience. Glenn Kantor has been licensed to practice law for seventeen years and has spent the majority of his time since 1987 practicing in the ERISA area. Declaration of Glenn Kantor ("Kantor Decl."), ¶ 2. Glenn Kantor states that the usual fee he charges clients is $375 per hour. *Id.* at ¶ 6. Plaintiff also submitted a declaration by Corinne Chandler detailing her work experience. Chandler has been an attorney since 1980 and began practicing in the ERISA area on a regular basis in 1995. Declaration of Corinne Chandler in Support of Motion for Attorney's Fees ("Chandler Decl."), ¶¶ 1 & 4. Chandler regularly charges clients $375 per hour for her services. *Id.* at ¶ 7. No evidence is presented about Lisa Kantor.

Plaintiff also submitted the declarations of Ronald Dean, Gary Nawa, and Charles Fleishman in support of the hourly rate requested for Plaintiff's attorneys' services. Ronald Dean has been an attorney practicing ERISA law for over thirty years. Declaration of Ronald Dean, ¶¶ 1 & 7 (the Declaration of Ronald Dean is attached as Exhibit A to the Kantor Decl.). As of January 2002 when Dean executed his declaration, Dean stated that his usual hourly fee was $425 per hour and that had been his rate for over one year. *Id.* at ¶ 5. Charles Fleishman has been an attorney since 1970 and his practice is devoted to ERISA matters. Declaration of Charles Fleishman, ¶¶ 2-3 (the Declaration of Charles Fleishman is attached as Exhibit A to the Kantor Decl.). In February 2002 when Fleishman executed his declaration, Fleishman stated that his hourly fee was $350 per hour. *Id.* at ¶ 3. Gary Nawa has been an attorney since 1975 and his practice is focused on ERISA and construction litigation. Declaration of Gary Nawa, ¶¶ 1-2 (the Declaration of Gary Nawa is attached as Exhibit A to the Kantor Decl.). In February 2002 when Nawa executed his declaration, Nawa stated that his hourly fee was $350 per hour in ERISA

cases.

Plaintiff also submitted two recent opinions from the Central District of California granting plaintiffs attorney's fees in ERISA cases. On February 25, 2002, in *Attia v. UNUM Life Insurance Company of America et al*, CV 01-2189, Judge Florence-Marie Cooper determined that $350 per hour was a reasonable hourly rate for Glenn Kantor and Tracy Collins, an associate who has been a member of the bar for thirteen years and has had five years experience in ERISA law. Kantor Decl., Exh. B. On March 13, 2002, in *McKinney v. First Reliance Standard Life Insurance Co. et al.*, CV 01-2548, Judge Dean Pregerson determined that $350 per hour was a reasonably hourly rate for Glenn Kantor and Collins. Kantor Decl., Exh. B.

Based on the evidence submitted by Plaintiff and in the absence of any evidence submitted by Defendant, the Court finds that $375 per hour is a reasonable hourly rate for the services provided by Glenn Kantor and Corinne Chandler.

Plaintiff failed to produce any evidence regarding the reasonableness of the $375 per hour rate for Lisa Kantor.[1] Because Plaintiff failed to meet her burden of producing satisfactory evidence that the requested rate for Lisa Kantor is comparable to the prevailing rates in the community for similar services by attorneys of reasonably comparable skill, experience, or reputation, the Court deducts the $4,500 (12 hours x $375/hr) billed for the services of Lisa Kantor from the total amount of fees requested by Plaintiff.

### 2. The Court Reduces The Hours Documented By Plaintiff For Glenn Kantor And Corinne Chandler Because Plaintiff Only Prevailed On One Of Her Two Claims.

Defendant argues that Plaintiff has failed to segregate her fees between her first claim for relief for wrongful denial of disability benefits, for which the Court found for Defendant, and her second claim for relief for underpayment of benefits, for which the Court found for Plaintiff. Defendant argues that Plaintiff's second claim for relief for underpayment of benefits was not raised by Plaintiff until the second amended complaint was filed on January 28, 2003 and the papers filed by Plaintiff throughout this case as well as the descriptions in the invoices for attorney's fees demonstrate that most of the fees relate to Plaintiff's first claim for relief. Plaintiff contends that less than forty hours of attorney time, or less than $15,000 at a rate of $375 per hour, were incurred prior to the meet and confer regarding Plaintiff's Motion to File a Second Amended Complaint. Plaintiff also contends that the second claim for relief for underpayment of benefits required greater attorney time because the facts supporting that claim were not fully contained in the Administrative Record, which required Plaintiff to conduct additional discovery, including depositions.

This Court may reduce the number of attorney hours for which Plaintiff can recover because she only prevailed on one of her two claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("results obtained" important factor in adjusting award of fees upward or downward); *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1832 (9th Cir. 1990), *overruled on other grounds, City of Burlington v. Dague*, 505 U.S. 557 (1992) (holding *Hensley* applies to ERISA attorney's fees award determinations). In this situation, two questions must be addressed: (1) "did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded" and (2) "did the plaintiff achieve a level of success that makes the hours reasonably

---

[1] Nowhere in the Motion or supporting declarations is it even stated whether Lisa Kantor is an attorney, paralegal, or law clerk.

expended a satisfactory basis for making a fee award?" *Id.* Moreover, the Supreme Court held that in reducing the number of hours for which a party will be compensated after achieving less than complete success:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Id.* at 436-37. The method for determining whether claims are related is not precise: "related claims will involve a common core of facts or will be based on related legal theories, while unrelated claims will be distinctly different and based on different facts and legal theories." *Outdoor Systems, Inc. v. City of Mesa* 997 F.2d 604, 619 (9th Cir. 1993) (*quoting Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir.1986)). If the claims are related, in the absence of "excellent" results, a fully compensatory fee may be excessive and should be reduced, even if "plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 435-36.

In this case, Plaintiff's two claims are distinct. While there is some factual overlap between the two claims – both involve Plaintiff's entitlement to benefits under her employer's long term disability plan, the two claims rest on different legal theories and rely on different facts for support. *See, e.g., Outdoor Systems*, 997 F.2d at 619 (Plaintiff's First Amendment claim distinct from other claims, even though all involved right to advertise on billboard space, because different claims relied on different facts and legal theories). Plaintiff's first claim for relief for wrongful termination of her benefits required a determination that Plaintiff was not totally disabled from any occupation based on her physical condition and the definition of "totally disabled" in Defendant's policy. In contrast, Plaintiff's second claim for relief for underpayment of benefits simply required a determination of whether the benefits paid to Plaintiff for the period for which her disability was not in dispute had been correctly calculated. Moreover, even to the extent that Plaintiff's claims are related, Plaintiff has failed to achieve "excellent" results because she was awarded less than half the amount she sought in her lawsuit – $31,778.19 on her second claim for relief and none of approximately $88,500.09[2] sought on her first claim for relief. *See, e.g., Phetosomphone v. Allison Reed Group*, 984 F.2d 4, 7 (1st Cir. 1993) (although unsuccessful state law claims and successful Title VII claims arose from same set of facts, district court did not abuse its discretion in segregating and eliminating hours spent on state claims). For the foregoing reasons, an award that included all hours spent on both claims in this case would be excessive.

In this case, prior to the meet and confer regarding the proposed amendment adding the second claim for relief on December 23, 2002, all the time spent on this case – 5.3 hours by Glenn Kantor and 32.7 by Chandler – related to the first claim for relief. Accordingly, the Court reduces the award of attorney's fees by 38 hours.

For the hours spent on this case after December 23, 2002, the billing records submitted by Plaintiff's counsel are not detailed enough to allow the Court to determine how much of the 176.5 hours billed by Glenn Kantor and Chandler related to each of the two claims for relief. As noted above, Plaintiff argues that the second claim for relief required more attorney time than the first claim for relief because the facts supporting it had not been fully developed in the Administrative

---

[2] $3,847.83 (benefit per month) x 23 months (October 2001 through August 2003) = $88,500.09. *See*, Plaintiff's Proposed Findings of Fact and Conclusions of Law, ¶ 83.

Record and more discovery, including depositions, was required for the second claim for relief. However, the Court notes that Plaintiff devoted just over one page of her twenty-four page motion for summary judgment to the second claim for relief and approximately three and a half pages of her twenty-one and a half page opposition to Defendant's motion for summary judgment to the second claim for relief. The Court also notes that, except for the motions for summary judgment, the Court cannot determine from the billing records submitted how much of the time spent by the attorneys relate to each of the two claims for relief. Plaintiff recovered $31,778.19 out of approximately $120,278.28 sought, or approximately 26.4% of the relief sought. Given the limited success achieved by the Plaintiff – approximately a quarter of the relief sought – and allowing for Plaintiff's contention that the second claim for relief required more time and discovery because it had not been fully developed in the Administrative Record, the Court reduces the number of hours by fifty percent. *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (where time could not be apportioned due to insufficient time records of fee movant, 50% reduction in hours claimed was not abuse of discretion); *Jones v Espy*, 10 F.3d 690, 692 (9th Cir. 1993) (reducing number of hours by 33%); *Zook v. Brown*, 865 F.2d 887, 896 (7th Cir. 1989) (reducing number of hours by 75%). Accordingly, Plaintiff is entitled to an attorney's fee award of $33,093.75 (88.25 hours x $375/hr).

Plaintiffs request costs of $2,324.85. Defendants do not contest the reasonableness of this figure. Accordingly, the Court awards Plaintiff $2,324.85 in costs.

## IV.   Conclusion

Therefore, Plaintiff's Motion is **GRANTED** and Plaintiff is awarded attorney's fees in the amount of $33,093.75 and costs in the amount of $2,324.85.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.